| | |
|---|---|
| CALLEN PROPERTIES, LLC, an Oklahoma limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. CJ-2018-0028 |
| NICK CALLEN, an individual, and JOSEPH SETH CALLEN, an individual, CLINTON RAY BIRCHELL, an individual, WESNER WESNER & RAINBOLT, PLLC, an Oklahoma professional limited liability company, MARK WESNER, an individual, FARM CREDIT OF WESTERN OKLAHOMA, FLCA a wholly owned subsidiary of FARM CREDIT OF WESTERN OKLAHOMA, ACA, and UNITED STATES OF AMERICA ACTING THROUGH THE FARM SERVICE AGENCY, a Division of the United States Department of Agriculture, | )<br>) Judge: B. Leverett<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

*Filed stamp: FILED COURT CLERK KIOWA COUNTY 2019 MAY 28 A 11:59 KAY RICHARDS, CLERK — DEPUTY*

## THIRD AMENDED PETITION

COMES NOW, Callen Properties, LLC, Plaintiff in the above styled and numbered cause, and pursuant to the provisions of Title 12 O.S. §2015 files its Third Amended Petition asserting claims against additional party Defendants, Clinton Ray Birchell ("Birchell"), Wesner Wesner & Rainbolt, PLLC, Mark Wesner, an individual (collectively, "Wesner"), Farm Credit of Western Oklahoma, FLCA, a wholly owned subsidiary of Farm Credit of Western Oklahoma, ACA ("Farm Credit"), and The United States of America acting through the Farm Service Agency, a Division of the United States Department of Agriculture ("Farm Service Agency"). In support of its claims, Plaintiff makes the following allegations and averments, to wit:

**EXHIBIT 1**

## FACTS COMMON TO ALL CLAIMS

1. That each and every allegation and averment set forth in Plaintiff's original Petition, First Amended Petition, and Second Amended Petition are incorporated by reference herein as if fully reset forth;

2. That on December 12th, 2018, this Court entered an Order appointing Sara Murphy of the Legacy Legal Center as guardian over the estate of Defendant, Nick Callen. Further, that Order expressly revoked the Power of Attorney previously held by Defendant, Seth Callen over his father, Nick Callen;

3. That on information and belief, Defendant, Nick Callen was at all times material hereto an incapacitated person unable to act either for himself or for the interests of others including Plaintiff, Callen Properties, LLC;

4. That at no time was Defendant, Nick Callen authorized to act on behalf of Plaintiff, Callen Properties, LLC;

5. That despite Defendant, Nick Callen's incapacity and lack of authority, Plaintiff discovered an "Oklahoma Uniform Contract of Sale of Real Estate" (the "Contract") dated April 15th, 2018 between Callen Properties, LLC and Defendant, Birchell for the sale of a 320 acre tract of Plaintiff's land to Birchell (the "Subject Property");

6. That although the Contract purports to bear the signature of Defendant, Nick Callen, on information and belief, the signature appearing on the Contract is not in fact the signature of Defendant, Nick Callen, but is instead a forgery of his signature undertaken by his son, Defendant, Seth Callen;

7. That on information and belief, Defendant, Birchell knew or should have known that the signature appearing on the Contract was not the signature of Nick Callen and was, in fact, a

forgery of his signature by Defendant, Seth Callen;

8. That on information and belief, Defendant, Birchell knew or had reason to know that Seth Callen was not a member or manager of Callen Properties, LLC and further that he had no authority to act for or bind that company;

9. That Defendant, Wesner was retained to and did act as agent for title, escrow and closing of the sale of the Subject Property;

10. That in its capacity as agent for title, escrow and closing, Wesner did oversee the "closing" of the sale of the Subject Property including but not limited to verification of title status and authority, creation of the instruments of transfer of the Subject Property and collection and distribution of the proceeds thereof;

11. That Wesner knew or should have known that the owner of record of the Subject Property was an Oklahoma limited liability company;

12. That at no time was Plaintiff or any of its members or managers contacted by Wesner with regard to the sale of the Subject Property and its authorization of the same;

13. That at no time was any request made by Wesner to Callen Properties, LLC for provision of the operational documents governing the operation of Callen Properties, LLC;

14. That the sale of the Subject Property was "closed" by Wesner and proceeds distributed on or about June 14th, 2018 without the knowledge of Plaintiff or its members or managers;

15. That Plaintiff, Callen Properties, LLC received none of the proceeds of the sale of the Subject Property;

## COUNT V - ACTION TO SET ASIDE DEED & QUIET TITLE
*(Clinton Ray Birchell)*

16. That each and every allegation contained herein at paragraph no.'s 1-15 is incorporated by reference as if fully set forth;

17. That on information and belief, Defendant Nick Callen did not execute the Contract through which Defendant, Birchell acquired his deed to the Subject Property, the same having been forged by Defendant, Seth Callen;

18. That Defendant, Nick Callen lacked the mental capacity to execute the Contract or the deed by which Defendant, Birchell now purports to hold title to the Subject Property;

19. That both the Contract and the deed by which Defendant, Birchell now purports to hold title to the Subject Property were procured by fraud;

20. That Defendant, Nick Callen was not vested with the authority to execute the deed by which Defendant, Birchell now purports to hold title to the Subject Property;

21. That Defendant, Birchell knew or had reason to know that Nick Callen was not the owner of the Subject Property, lacked the authority to enter into the a contract to sell the Subject Property, that Seth Callen likewise had no such authority and that the signature of "Nick Callen" on the Contract was a forgery undertaken by Seth Callen;

22. That by virtue of the lack of capacity and lack of authority of Defendant, Nick Callen, and Seth Callen's forgery of the Contract, the deed by which Defendant, Birchell now purports to hold title to the Subject Property is void;

23. That Birchell has no rightful claim in and to the Subject Property;

WHEREFORE, above premises considered, Plaintiff, Callen Properties, LLC respectfully prays this Court grant the relief requested herein and enter a Judgment in favor of Callen Properties,

LLC and against Defendant, Clinton Ray Birchell determining the deed by which said Defendant purports to hold title to the Subject Property is void, restoring title to and ownership of the Subject Property to Callen Properties, LLC and barring Defendant, Birchell from asserting any claim in or to the Subject Property adverse to Plaintiff.

### COUNT VI - ACTION TO CANCEL MORTGAGE & QUIET TITLE
*(Farm Credit of Western Oklahoma, FLCA and Farm Service Agency, a Division of the United States Department of Agriculture)*

24. That each and every allegation contained herein at paragraph no.'s 1-23 is incorporated by reference as if fully set forth;

25. That Defendant, Farm Credit may claim some right, title or interest in and to the Subject Property by virtue of that certain Real Estate Mortgage filed at Book 0824, Page 777 of the records of the Kiowa County Clerk (the " Farm Credit Mortgage");

26. That Defendant, Farm Service Agency may claim some right, title or interest in and to the Subject Property by virtue of that certain Real Estate Mortgage filed at Book 824, Page 782 of the records of the Kiowa County Clerk (the "FSA Mortgage");

27. That on information and belief, the Farm Credit Mortgage and the FSA Mortgage were given by Defendant, Birchell to Defendants, Farm Credit and Farm Service Agency in exchange for the extension of credit for the express purpose of acquiring the Subject Property and further said Mortgages were taken with the intention of securing a lien upon the real property and improvements being acquired by Defendant, Birchell;

28. That Defendants, Farm Credit and Farm Service Agency are sophisticated private and public entities well versed in transactions of the type complained of herein;

29. That on information and belief, Defendant, Wesner was engaged by Farm Credit and/or Farm Service Agency to provide title services associated with Defendant, Birchell's

acquisition of the Subject Property and more specifically to determine the ownership status thereof;

30. That therefore, Defendants, Farm Credit and Farm Service Agency knew or should have known that the Subject Property was owned by Plaintiff and thus were well aware of the necessity for review of Plaintiff's operational documents for confirmation of corporate authority;

31. That Defendants, Farm Credit, Farm Service Agency and/or their respective agents failed to undertake any of the appropriate due diligence associated with a transaction of the type complained of here, despite having had ample opportunity to do so and despite being in the best position to protect themselves (and Plaintiff) from the bad acts of Defendants, Nick Callen, Seth Callen and Clinton Birchell;

32. That for the reasons set out hereinabove, Defendant, Birchell's deed to the Subject Property is void and unenforceable and he acquired no estate or interest in and to the Subject Property and therefore, the Mortgages of Defendants, Farm Credit and Farm Service Agency are also invalid and should be cancelled and held for naught;

33. That given their respective failures to take any step to protect their interests through the undertaking of standard due diligence, Defendants, Farm Credit and Farm Service Agency should not be heard now to complain of the invalidity of their respective Mortgages.

WHEREFORE, above premises considered, Plaintiff, Callen Properties, LLC respectfully requests this Court enter a Judgment in its favor and against Defendants, Farm Credit and Farm Service Agency determining the Farm Credit Mortgage and the FSA Mortgage to each be void and cancelled, directing that the same be released *instanter,* determining said Defendants to have no interest or estate in and to the Subject Property, and barring said Defendants from asserting any claim in or to the Subject Property adverse to Plaintiff.

## COUNT VII - PROFESSIONAL NEGLIGENCE
### *(Wesner Wesner & Rainbolt, PLLC & Mark Wesner, an individual)*

34. That each and every allegation contained herein at paragraph no.'s 1-33 is incorporated by reference as if fully set forth;

35. That Defendant, Wesner is a law firm which was retained to act as agent for title, escrow and closing of the sale of the Subject Property;

36. That in this capacity, Wesner owed certain well established duties to all parties to the transaction complained of herein, including Plaintiff, Callen Properties, LLC;

37. That encompassed within the duties and obligations undertaken by Wesner were the obligation to conduct all necessary due diligence including verification of ownership of the Subject Property; verification of the authority of a seller to sell and the buyer to buy the Subject Property; collection of the proceeds of the sale and creation and/or retention of the instruments of conveyance; and distribution of the same according to the requirements of the contract presented;

38. That at no time did Wesner undertake any effort to verify the authority (or lack thereof) of Nick Callen or Seth Callen to act on behalf of or bind Plaintiff, Callen Properties, LLC;

39. That at no time did Wesner either request or receive a copy of any of the operational documents of Plaintiff, Callen Properties, LLC;

40. That at no time did Wesner request or require the provision of a statement of corporate authority or other similar document which might arguably establish reasonable reliance upon the statements and representations of Seth Callen;

41. That on information and belief, Wesner never spoke directly with Defendant, Nick Callen regarding the transaction and instead unilaterally elected to rely upon the statements and representations of Defendant, Seth Callen;

42. That despite the fact that Plaintiff is a corporate entity (LLC), Wesner, based once again solely on the request of Defendant, Seth Callen, and without having requested or reviewed any of the operational documents of Plaintiff, unilaterally elected to issue checks totaling $320,000.00 in the following manner:

    a.  Nick Callen:    $263,238.00 ($256,000.00 less closing costs)
    b.  Dale Callen:    $18,333.00
    c.  Paul Callen:    $18,333.00
    d.  Mary Janet Callen:    $18,333.00

43. That each and every one of these actions and/or inactions by Wesner constitute a breach of a well defined duty;

44. That the duties incumbent upon Wesner regarding the sale of the Subject Property are well settled and well known to practitioners of the legal profession in Oklahoma (including Wesner), particularly those regularly involved in transactions of this type;

45. That the failure of Wesner to carry out its duties in relation to this transaction constitute professional negligence and have resulted in significant damage to Plaintiff in the form of both the loss of a significant asset and the incurrence of significant costs in the form of legal fees in an effort to recover the same;

WHEREFORE, above premises considered, Plaintiff, Callen Properties, LLC respectfully requests judgment in its favor and against Wesner for actual damages sustained in an amount in excess of $75,000.00 and for punitive damages in an amount to be set by a jury.

### COUNT VIII - BREACH OF FIDUCIARY DUTY
*(Wesner Wesner & Rainbolt & Mark Wesner, an individual)*

46. That each and every allegation contained herein at paragraph no.'s 1-45 is incorporated by reference as if fully set forth;

47. That by virtue of having undertaken duties as agent for title, escrow and closing,

Wesner stood in a fiduciary relationship with Plaintiff;

48. That the multiple failures of Wesner to carry out its duties as agent for title, escrow and closing of the transaction for sale of the Subject Property constitute violations of its fiduciary duties;

49. That Plaintiff, Callen Properties, LLC was damaged as a direct result of Wesner's violations of its fiduciary duties;

WHEREFORE, above premises considered, Plaintiff, Callen Properties, LLC respectfully requests judgment in its favor and against Wesner for actual damages sustained in an amount in excess of $75,000.00 and for punitive damages in an amount to be set by a jury.

RESPECTFULLY SUBMITTED,

_____
JON T. LEE, OBA #19860
LEE GOODWIN LEE LEWIS & DOBSON
1300 East 9th Street, Suite #1
Edmond, OK 73034
(405)-330-0118
(405)-330-0767
JTLee@edmondlawoffice.com

RECEIVED
JUN 03 2019
U.S. ATTY, WDOK